UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN E. THORN, | ) | CASE NO. 1:05CR579 |
| | ) | 1:08CV827 |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | [RESOLVING DOC. 167 & 169] |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon Petitioner Steven E. Thorn's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Case No. 1:05CR579, Doc. 167; Case No. 1:08CV827, Doc. 1. The Court has been advised, having reviewed the petition and Respondent's Brief in Opposition to Petitioner's Motion to Correct Sentence ("Brief in Opposition"). For the reasons set forth below, Petitioner's motion is DENIED.

**I. Facts**

On February 15, 2006, a federal grand jury indicted Petitioner and five co-defendants on fourteen counts related to an illegal Ponzi scheme. This scheme involved fraudulent investment trading programs, which Petitioner marketed through a pyramid structure. Petitioner encouraged investors to invest by promising extremely high rates of return. Petitioner eventually pled guilty to five of the counts contained in the indictment. These included one count of conspiracy to defraud the government under 18 U.S.C. § 371; three counts of securities fraud under 15 U.S.C. § § 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5; and one count of income tax evasion under 26 U.S.C. § 7201. Following his plea, Petitioner was sentenced to 97 months incarceration. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence deals only with the conspiracy and securities fraud counts, and the Court will confine itself to consideration of those counts.

*Thorn v. U.S.A.*
1:08CV827

On March 31, 2008, Petitioner filed the motion at issue in this case, alleging four grounds that require the Court to correct his sentence. Petitioner's first three grounds involve a claim of ineffective assistance of counsel based on his attorney's failure to assert a statute of limitations defense. The remaining ground also alleges ineffective assistance, based on his attorney's failure to request a hearing on the issue of actual victim loss. Petitioner has not filed a memorandum supporting his Motion to Vacate, Set Aside, or Correct Sentence. On March 17, 2007, Respondent filed its brief in opposition to Defendant's motion.

## II. Law and Analysis

The standard for ineffective assistance of counsel is a two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that his counsel's performance was deficient. *Id*. at 687. Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Id*. Second, Petitioner must show that his counsel's deficient performance actually prejudiced his defense. *Id*. To do so, Petitioner must show that his counsel's conduct deprived him of a fair trial and that the result of the trial is therefore unreliable. *Id*. All of Petitioner's grounds for correcting his sentence are based on claims of ineffective assistance of counsel. The *Strickland* test thus applies to each.

A. Counsel's Failure to Argue the Relevant Statute of Limitations

Petitioner raises three claims related to failure of his counsel to consider statute of limitations defenses: "1) Counsel failed to review securities fraud laws regarding statute of limitations, although the government[']s indictment reflected dates of alleged violations as far back as 1997; 2) Cousel

*Thorn v. U.S.A.*
1:08CV827

[sic] failed to object to specific counts which were barred by statute of limitations; 3) Counsel failed to object to the court[']s lack of jurisdiction to hear or accept any plea outside the applicable statute of limitations." *See* Case 1:05CR579, Doc. 167; Case 1:08CV827, Doc. 1. As all three grounds raise the same legal issue, the Court will address them together.

Under the *Strickland* test's first prong, Petitioner cannot prevail unless his counsel's actions were deficient. *Strickland*, 466 U.S. at 687. Therefore, Petitioner's first three grounds only have merit if the government failed to indict Petitioner within the relevant statute of limitations. As a result, the Court must determine the statute of limitations applicable to this case.

For non-capital crimes, the statute of limitations under the United States Code is five years, unless a different period is specifically set forth by law. 18 U.S.C. § 3282(a). As to conspiracies and ongoing crimes, the clock on the statute of limitations does not begin until the last overt act in furtherance of the conspiracy alleged in the indictment occurs. *United States v. Smith*, 197 F.3d 225, 228 (6th Cir. 1999) (citing *Brown v. Elliott*, 225 U.S. 392, 401 (1912)).

Petitioner has not filed a response to Respondent's Brief in Opposition, and therefore has provided no explanation for his position that the government did not indict him in a timely manner. In the first ground of his Motion, however, Petitioner states that the indictment alleges violations occurring as early as 1997. Petitioner's position thus appears to be that any violations that occurred earlier than February 15, 2001, five years before he was indicted, are barred by the five year statute of limitations. If this is indeed Petitioner's position, it has no merit. The law is clear that the clock does not begin to run on any of the overt acts until the last overt act occurs. *Smith*, 197 F.3d 228.

In this case, the last act alleged in the indictment is a wire transfer of $100,000 from one of

*Thorn v. U.S.A.*
1:08CV827

Petitioner's bank accounts on April 4, 2001. Thus, the date of the last overt act for count one of the indictment, conspiracy to defraud the government, is April 4, 2001. This date also applies to counts two through four, all counts of securities fraud. The April 4, 2001 transfer of funds, used to pay Petitioner's expenses, furthered the fraud upon the investors whose money funded the account. When the government indicted Petitioner on February 15, 2006, the indictment was therefore inside the five year period allowed by 18 U.S.C. § 3282.

On the other hand, the Supreme Court has found that a private action for a 10b(5) violation must be brought within one year of discovery of the offense and three years after the occurrence of the violation. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 360-61 (1991). In *United States v. O'Hagan*, a defendant argued, based on *Lampf*, that the government had only three years rather than five to indict him for securities fraud. *O'Hagan*, 139 F.3d 641, 650 (8th Cir. 1998). The Court of Appeals for the Eighth Circuit rejected this argument, holding that *Lampf* does not apply to a *criminal* prosecution for securities fraud. *Id*. at 651. *See also United States v. United Med. and Surgical Supply Corp.*, 989 F.2d 1390, 1398 (4th Cir. 1993) ("[A]n indictment for conspiracy ... or securities fraud must be brought within five years of the crime."). The Court finds the reasoning of the Eighth and Fourth Circuits persuasive. The applicable statute of limitations is five years under 18 U.S.C. § 3282, and the Government indicted Petitioner within that time.

Accordingly, even if Petitioner's counsel had raised statute of limitations defenses, they would have had no merit. The failure to raise those defenses was not objectively unreasonable. Petitioner is unable to satisfy the first prong of the *Strickland* test, deficient counsel, on grounds one

*Thorn v. U.S.A.*
1:08CV827

through three of his Motion. Petitioner's Motion is therefore DENIED on grounds one through three.

### B. Counsel's Failure to Request a Hearing to Determine Actual Victim Loss

Finally, Petitioner alleges that his counsel failed to request an evidentiary hearing as to victim loss, instead allowing the Court to accept the loss estimate prepared by the Government. He further alleges that this amount was higher than the amount later determined by the court appointed receiver in a related S.E.C. civil case. Petitioner contends that his resulting sentence was higher than it would have been had the Court used the receiver's numbers.

In its Brief in Opposition, Respondent states that the difference in numbers exists simply because the receiver has not yet found all the victims, and that the Government has a more complete list of those victims. Case 1:05CR579, Doc. 169 at 6. Respondent further emphasizes the difficulty in discovering all the victims, given the nature of Petitioner's offenses. *Id.* ("Identifying victims was difficult because most of their money was not put into actual investments, but used in an elaborate 'Ponzi' scheme to enrich the defendants[.]"). *Id.* Petitioner has not filed a response to Respondent's Brief in Opposition or provided any reasons why the Court should not accept the Government's explanation. The Court notes, however, that this exact issue was also raised by one of Petitioner's co-defendants, Derrick McKinney, in a motion seeking relief from judgment pursuant to Fed.R. Crim. P. 60(b)(2). *See* Case 1:05CR579, Doc. 154 at 2-4. In its response to that motion, the Government noted that the receiver issued updated reports as more victims were discovered and that the numbers McKinney used in his Motion were outdated. *See* N.D. Ohio Case No. 1:05CR579, Doc.

*Thorn v. U.S.A.*
1:08CV827

151 at 2. The Court accepted this explanation and denied McKinney's Motion. *Id.*, Doc. 154. As Petitioner has raised no new arguments, the Court continues to accept Respondent's explanation.

Furthermore, in assessing a claim of ineffective assistance of counsel, there is a strong presumption that counsel provided reasonable assistance and used reasonable professional judgment. *Strickland*, 466. U.S. at 690. Courts must therefore judge the appropriateness of counsel's conduct based on the facts of the case at the time of the conduct, rather than through hindsight. *Id*.

In this case, the Court cannot say that counsel's decision not to request an evidentiary hearing was unreasonable. Petitioner has provided no evidence that, at the time of his plea agreement, either he or his counsel believed the loss amount accepted by the Court was incorrect. Indeed, Petitioner did not object to either the loss amount or the corresponding sentencing levels stated in his plea agreement. Further, Petitioner's plea agreement was calculated using United States Sentencing Guideline § 2B1.1. Application Note (3)(C) to § 2B1.1 states that "[t]he court need only make a reasonable estimate of the [victims'] loss. The sentencing judge is in a unique position to assess the evidence and estimate the loss based on that evidence." U.S.S.G. § 2B1.1, Application Note (3)(C). The Court considered the evidence before it and adopted the Government's estimate. Petitioner has presented no evidence to convince the Court that the Government's loss estimate was unreasonable. Petitioner has failed to show deficient conduct by counsel.

Accordingly, the Court finds that Petitioner did not receive ineffective assistance of counsel when his counsel did not request an evidentiary hearing on victim loss. Petitioner's Motion is therefore DENIED on ground four.

*Thorn v. U.S.A.*
1:08CV827

### III. Conclusion

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

    IT IS SO ORDERED.

| | |
|---|---|
| August 6, 2008 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |